United States Courts
Southern District of Texas
F E D

NOV 0 2 2021

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *IN RE* THE CAROLYN S. CLARK | § | |
| IRREVOCABLE LIVING TRUST | § | |
| U/T/A JULY 28, 2017; No. 19-06-07875 | § | Case No. _____ |
| IN THE DISTRICT COURT | § | |
| 457TH JUDICIAL DISTRICT, | § | |
| MONTGOMERY COUNTY, TEXAS | § | JURY TRIAL DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HON. CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

1.     Defendants, Kristin Guardino and Leonard Guardino, (collectively, "Guardino"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1335, 1337(a), 1343(a), 1367, 1441, and 1443; 18 U.S.C. § 1964©; and 42 U.S.C. §§ 1983 and 1985, and respectfully show the Court as follows:

2.     On June 6, 2019, Plaintiff, James Flitsch, ("Flitsch" or "Plaintiff"), filed a civil action entitled, Cause No. 19-06-07875; *In Re The Carolyn S. Clark Irrevocable Living Trust U/T/A July 28, 2017*; in the County Court at Law No. 2, Probate, of Montgomery County, Texas.  Defendant Kristin Wilkinson Guardino was served with a copy of Plaintiff's James Flitsch Original Petition and an amended ex parte temporary restraining order on June 20, 2019.  Defendant Leonard Guardino has

not been served but appeared and answered on July 15, 2019. Defendant Kevin Clark was served with a copy of Plaintiff's Petition on June 11, 2019. Plaintiff Carolyn S. Clark joined the suit as a plaintiff on July 30, 2019. The case was transferred from the County Court at Law No. 2, Probate, of Montgomery County, Texas to the 410th Judicial District Court in Montgomery County, Texas on April 24, 2020, and transferred again from the 410th Judicial District Court to the 457th Judicial District Court on July 2, 2020.

3.      Defendants' Guardino notice of removal is being filed within thirty days of an Order signed on October 25, 2021, by the 457th Judicial District Court of Montgomery County, Texas – the Order from which it was first ascertained that the case is one which has become removable.

4.      The record of that hearing will show that Plaintiffs' attorneys have conspired with Judge Vince Santini of the 457th Judicial District Court of Montgomery County, Texas for the purpose of depriving Defendants Guardino of their rights under the Fourteenth Amendment of the United States Constitution and under 42 U.S.C. §§ 1983 and 1985 and as a result Defendants Guardino have been deprived of same.

## BACKGROUND FACTS

5.     In the State court case, on March 24, 2021, the Guardinos filed a second supplemental answer adding new counterclaims regarding the defamatory statements the plaintiffs made in their third amended petition which in no way relate to any cause of action the Plaintiffs could maintain against either of Defendants Guardino, ever associate themselves with, or have free speech rights be quashed because the statements were completely untrue and made for fraudulent purposes in the underlying litigation.

6.     On April 16, 2021, Steven Earl, as counsel for the plaintiffs and in a dual role as counsel for himself pro se and his law firm, Stilwell, Earl & Apostolakes, L.L.P., filed two motions under the TCPA: (1) "Plaintiffs' Lawyers' Motion To Dismiss The Newly Pled Counterclaims With Prejudice Under The Texas Citizens' Participation Act" (served April 16, 2021), and (2) "Plaintiffs' [Carolyn S. Clark and James Flitsch] Motion To Dismiss The Newly Pled Counterclaims With Prejudice Under The Texas Citizens' Participation Act" (served April 15, 2021). These two motions were filed on April 16, 2021.

7.     On May 5, 2021, the Guardinos filed a third supplemental answer adding counterclaims against the Plaintiffs under federal civil RICO. The

Guardinos then removed the case to Federal Court on May 5, 2021. The case was remanded by Order signed on July 27, 2021, and forwarded by overnight mail to the State District Court on July 28, 2021. The Order remanding the case was received by the clerk of the State District Court (Clerk Hayden) on July 29, 2021. Exhibit 1, attached and incorporated herein.

8.      On September 15, 2021, Steven Earl, as counsel for the plaintiffs and in a dual role as counsel for himself pro se and his law firm, Stilwell, Earl & Apostolakes, L.L.P., filed two additional motions under the TCPA addressing Defendants' Guardino third supplemental pleading involving RICO claims: (1) "Plaintiffs' Lawyers' Motion To Dismiss The Newly Pled Counterclaims With Prejudice Under The Texas Citizens' Participation Act" (served September 15, 2021), and (2) "Plaintiffs' [Carolyn S. Clark and James Flitsch] Motion To Dismiss The Newly Pled Counterclaims With Prejudice Under The Texas Citizens' Participation Act" (served September 15, 2021).

9.      Defendants Guardino filed responses to the four motions, asserting the State District Court's lack of jurisdiction over the two motions filed April 16, 2021, (served April 15, 2021, and April 16, 2021) due to the Plaintiffs' failure to comply with the time deadlines in the TCPA statute.

10.     Disregarding the duration of the suspension of the running of the time deadline due to the removal, the two motions contesting the Guardinos defamation counterclaims in their Second Supplement to their Answer were on file for 104 days without an hearing on the motions.  The TCPA strictly requires the hearing occur within 90 days of service of the motions.  TEX. CIV. PRAC. & REM. CODE § 27.004(b).  No hearing occurred within the 90-day deadline under the TCPA statute.  Therefore, dismissal was not authorized under the TCPA.

11.     Defendants asserted the inapplicability of the two TCPA motions filed in September because the Third Supplement to Defendants' counterclaims alleged fraud and RICO claims.

12.     On October 22, 2021, the 457th Judicial District Court held an hearing on all four motions.  At the hearing, held via online video conference, Defendants Guardino argued the Court must follow the counting rules under the TCPA, the Texas Rules of Civil Procedure, and *Quaestor Investments, Inc. v. State of Chiapas,* 997 S.W.2d 226, 227-229 (Tex. 1999), where an appeal was dismissed, holding that a counting error of deadlines before, during, and after a suspension of running of a timetable will result in the loss of jurisdiction to proceed.  Under the TCPA the Court had lost jurisdiction to determine the first two motions in this case because

they had been on file and not heard for over the 90-day time limitation, not counting the days during which the time limits were suspended. In a related case, (which for the reasons set out in this Notice of Removal, should be consolidated with this case if this case is not remanded), in Cause No. 19-07-10233, *Carolyn S. Clark v. Kristin Wilkinson, et al.*; In the 457th Judicial District Court of Montgomery County, Texas, also filed by Steven Earl – after the statute of limitations had run – the same Court disregarded the statute of limitations expiration. Additionally, a similar TCPA motion was filed there by Steven Earl and the 410th Judicial District Court, (prior to it also being transferred to the 457th District Court), denied Wilkinson-Guardino relief and dismissed her counterclaims based upon a "strict reading" of the statute. That criteria has not been applied to the Plaintiffs' motions in this case. Additionally, there, Wilkinson-Guardino moved at the beginning of the case to consolidate the two cases and Steven Earl opposed consolidation and Wilkinson-Guardino's motion was denied. Now, Steven Earl has requested consolidation into the present case and Judge Santini of the 457th Judicial District Court has expressed his intention to grant the motion – although by now, the litigation is almost two and one-half years old. The treatment of the Guardinos has been completely disparate here

and they have been targeted for disparate treatment by Judge Santini in other ways.

13.    Other examples of disparate treatment include Judge Santini of the 457th District Court disregarding the Court's own docket control order in allowing Plaintiffs to file expert reports several months after their deadline to do so, over Defendants' Guardino objections.  Additionally, Judge Santini of the 457th Judicial District Court has repeatedly allowed the Plaintiffs and the Interim Co-Trustees to violate the injunction entered into in this case, over the Guardinos' objections.  The 457th Judicial District has not required the Temporary Interim Co-Trustees to comply with the Order appointing them, even when they engage in conduct prohibited by the Order and have done so without first notifying the Court or the parties of their conduct.  Judge Santini has also allowed the Interim Co-Trustees to pay for Steven Earl's attorney fees out of Trust assets, sell assets of the Trust, and distribute other money from the Trust, without ever first seeking an order from the Court.  All of this has lead to mismanagement of the Trust which is particularly inappropriate because the basis of this entire case is that Plaintiffs allege that Kevin Clark and the Guardinos mismanaged the Trust.  One can only question the veracity of the

allegations when it appears the mismanagement of the Trust is actually not the issue at all. The only other allegations consist of *ad hominem* attacks against the Guardinos for the purpose of harassment and abuse of the legal system with apparently no justice in sight. The Guardinos have taken no action to mismanage the Trust, they have complied with every part of the injunction, and they have incurred extensive attorney's fees of over $76,000 with no end in sight and repeatedly frivolous pleadings full of ad hominem most likely filed as a red herring to deflect attention from the ongoing mismanagement of the Trust by the Interim Co-Trustees and disbursement of monies to Steven Earl from the Trust.

14. At the hearing on October 22, 2021, regarding the four motions to dismiss filed by the Plaintiffs' counsel under the TCPA, Plaintiff's counsel asserted that the motions should be granted because the *Federal District Court* had not complied with 28 U.S.C. § 1447© because the address label containing the Order of Remand sent by the Federal District Court was mailed to the 457th Judicial District Court's office – including the actual suite number of the 457th District Court's office – instead of addressing the label to the District Clerk of Montgomery County, Texas. The relevant portion of 28 U.S.C. § 1447© states as follows: "A certified copy of the order of remand shall be mailed by the clerk to

the clerk of the State court. The State court may thereupon proceed with such case." The stature does not require the Federal Court to address the label of the envelope containing an order of remand to the "District Clerk" and the Federal District Court did not err.

15.     Steven Earl's argument was entirely frivolous and unprofessional – but it was perfect in the eyes of Judge Santini. Judge Santini's own Orders signed October 25, 2021 and then amended on October 28, 2021, after the hearing on October 22, 2021, dismissing the Guardinos' pleadings, reflect his finding that the motions were heard within 60 days of their filing. Two of the four motions had been on file since April 16, 2021.

16.     Although the clerk of the State court signed for the overnight envelope containing the Order of remand which reflects the mailing date of July 28, 2021, and delivery on July 29, 2021, Plaintiffs' counsel then argued on October 22, 2021, that the State court should ignore Federal and State law and create a fictitious rule made out of thin air, crafted specifically for the benefit of himself and the Plaintiffs, that September 15, 2021, is the date jurisdiction transferred, so that the Plaintiff's counsel will not have failed to timely seek an hearing on its TCPA motions within the 90-day deadline and therefore, avoid the statutory

requirements under the TCPA that the two motions to dismiss filed in April 2021 be denied. The 457th Judicial District Court then dismissed Defendants' Guardino Second and Third Amended Answers and Counterclaims as requested by Plaintiffs' counsel. *See* Exhibits 2, 3, and 4, a true and correct copy of the recording of the hearing, saved on the attached flashdrive, and incorporated and a true and correct copy of the State court's Order signed October 25, 2021, and amended Order signed October 28, 2021, respectively.

17. When the Guardinos express that their rights are being violated, the response they receive is acknowledgment that they, or at least Kristin Wilkinson Guardino, has been targeted for this treatment and that it is recognized readily when legal professional hear what has transpired and what is transpiring now. Instead of taking or recommending any corrective measure, legal professionals simply acknowledge their plight and either join in the harassment or insulate themselves so as not to come under similar pervasive attacks on themselves and their own law practices. The Guardinos cannot enforce their rights, privileges, and/or immunities.

## COUNT ONE

## CAUSES OF ACTION FOR VIOLATION OF DEFENDANTS'

## GUARDINO CONSTITUTIONAL RIGHTS

18.    The Guardinos reallege the material facts alleged in the proceeding paragraphs against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts.

19.    Defendants Guardino were denied rights, privileges, and/or immunities secured by the Constitution and laws, and they cannot enforce their right to the remedies under State or Federal law, the TCPA, 28 U.S.C. § 1447©, RICO, their state law causes of action or their civil rights due to the conduct of Plaintiffs' counsel Steven Earl, individually, and in conspiring with Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, both acting under color of state law, intentionally, knowingly, and with deliberate indifference to the Guardinos clearly established rights, prohibited by 42 U.S.C. § 1983 and 1988.

20.    The actions of Plaintiffs' counsel Steven Earl and Vince Santini,

Judge of the 457th Judicial District Court of Montgomery County, Texas and

Montgomery County's and the State's creation and establishment of the policies,

customs or procedures of administration of the Texas judicial education and

training in those policies, customs or procedures of administration of the Texas

judicial education violated clearly established rights under Article Six and under

the Fourteenth Amendment to the Constitution of the United States. Specifically,

the conduct violated Defendants' Guardino right (1) that Judges in every State be

bound by the Constitution and the Laws of the United States; (2) to be free from

the making or enforcement of any law that abridges the privileges or immunities

of citizens of the United States; and (3) to be free from a State's deprivation of

their life, liberty or property without due process of law; or (4) to be denied equal

protection of the laws. U.S. CONST. art. 6; U.S. CONST. amend. XIV § 1.

  21. The policy makers who administer the Civil Courts of Montgomery

County, Texas and the County's and State's creation and establishment of the

policies, customs or procedures of administration of the Texas judicial education,

under color of law, intentionally, negligently, and with complete and deliberate

indifference, caused Defendants Guardino to be deprived of their constitutional,

statutory, and common law rights under Texas law and the Federal Constitution.

Defendants Guardino have a constitutionally recognized liberty interest to be free from the violation of their Constitutional rights by anyone with state authority.

22.     The State of Texas, Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas and the County's and State's administration of the Montgomery County District Courts authorized, approved, permitted, ratified, and tolerated the unlawful deliberate, malicious reckless and wanton conduct of Steven Earl and Vince Santini thus depriving Defendants Guardino of their constitutional rights.

23.     The State of Texas, Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas and the County's and State's administration of the Montgomery County District Courts authorized, approved, permitted, ratified, and tolerated the custom and practice of the unconstitutional acts. With full knowledge of the illegal and unconstitutional acts of Steven Earl and Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts ratified the conduct of Steven Earl and Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas or, in the alternative, failed to take appropriate action because of conscious

indifference to their actions.

24.     Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas used authority conferred on him by law to commit the offenses enumerated above. Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas was aware Steven Earl's misconduct in the past and acted with deliberate indifference toward Defendants' Guardino constitutional rights. Thus, the State of Texas and Montgomery County, Texas are also liable under 42 U.S.C. § 1983. The State of Texas and Montgomery County's failure to take action that was obviously necessary to prevent or stop the unlawful and unconstitutional conduct of Steven Earl and Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas caused unconstitutional injuries to Defendants' Guardino, and constitute official policy decisions for which the State of Texas and Montgomery County are liable. Exhibit 2 attached hereto and incorporated herein is a true and correct recording of the hearing which reflects the complete indifference and unconstitutional violation of the Guardino's rights, which had become so pervasive in this litigation that the Guardinos felt compelled to record the hearing in order to protect themselves from unconstitutional conduct of Steven Earl and Vince

Santini while acting under color of law while presiding in the State court litigation in the 457th Judicial District Court.

25. Each and every of the foregoing acts and/or omissions, on the part of Steven Earl and Vince Santini, the State of Texas and Montgomery County, Texas, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages to Defendants Guardino, set forth below.

**COUNT TWO**

**VIOLATION OF THE TEXAS TORT CLAIMS ACT AGAINST**

**VINCE SANTINI, JUDGE OF THE 457TH JUDICIAL DISTRICT**

**COURT OF MONTGOMERY COUNTY, TEXAS,**

**THE STATE OF TEXAS, MONTGOMERY COUNTY, TEXAS**

**AND THE STATE ADMINISTRATORS OF THE**

**MONTGOMERY COUNTY DISTRICT COURTS**

26. The Guardinos reallege the material facts alleged in the proceeding paragraphs against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts.

27. The Guardinos reallege the material facts alleged in the proceeding

paragraphs against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts.

Montgomery County is a political subdivision of the State of Texas. The negligence and omissions of Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts as recited above are also violative of the Texas Tort Claims Act, as set out in Chapter 101 *et seq.* of the Texas Civil Practice and Remedies Code. Pursuant to Tex. Civ. Prac. and Rem. Code § 101.25, these governmental entities have waived sovereign immunity and are liable for the Guardinos' damages.

## COUNT THREE

## INJUNCTIVE RELIEF

28.    The Guardinos reallege the material facts alleged in the proceeding paragraphs against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts.

29.    Vince Santini, Judge of the 457th Judicial District Court of

Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts continue to maintain customs, policies, and practices of utilizing authority conferred by law to commit the offenses enumerated above. These customs, policies, and practices have deprived Defendants Guardino of their constitutional rights. These entities also continue to fail to properly train and supervise employees of the State of Texas in the proper protection of civil rights of litigants and in the prevention of using authority conferred by law to commit the offenses enumerated above to prevent the impingement upon the exercise of fundamental rights and to meet the constitutional requirement of a precisely tailored compelling government interest including the equal protection of the law under the Fourteenth Amendment, and as follows, including training and supervision in:

* Compliance with Canon 2A of the Texas Code of Judicial Conduct, which states, in pertinent part: "A judge shall comply with the law...";

* Compliance with Canon 3B(2) of the Texas Code of Judicial Conduct which states, in pertinent part: "A judge shall maintain professional competence in [the law.]";

* Compliance with Canon 3B(8) of the Texas Code of Judicial Conduct, which states, in pertinent part: "A judge shall accord every person who has

a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.";

* Compliance with prevention of conduct leading to imposition of discipline under Article V, § 1-a(6)(A) of the Texas Constitution which provides that any Texas justice or judge may be disciplined for willful or persistent conduct that is clearly inconsistent with the proper performance of his duties or casts public discredit upon the judiciary or administration of justice;

* detection of fallacious and ad hominem argument in pleadings and argument before the courts; prevention of reliance on and being influenced by ad hominem argument offered by counsel in pleadings and argument before the Court; measures to prevent ad hominem argument used before the Court or its staff or the Court's staff attorneys so that the Court or the court's staff and its attorneys are not influenced by fallacious ad hominem argument in order to protect the civil rights of all litigants;

* the correct application of the law to prevent the loss of litigants' civil rights and constitutional rights;

* prevention and intolerance of bias in pleadings and argument before the courts;

* promulgation and use of procedures to protect the court from the subversive

effects of improper forms of argument and fraud for the prevention of violations of litigants' civil rights and constitutional rights;

* promulgation and use of procedures to protect the court from the subversive influence of colleagues for the purpose of prevention of violations of litigants' civil rights and constitutional rights;

* prevention of use of the courts by parties for the purpose of gaining immunity for acts of which parties would have no immunity, such as defaming persons and damaging them in their property and business and violating the civil and constitutional rights of persons through the improper use of the legal system; and

* prevention of judges from making spontaneous decisions that would result in the violation of civil rights of litigants.

30.     Defendants Guardino thus are entitled to an injunction preventing the offenses enumerated above and requiring additional training for all Texas judges or alternatively Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas or alternatively the removal of Vince Santini from the 457th Judicial District Court of Montgomery County, Texas.

## PROXIMATE CAUSE AND DAMAGES

31.     Each and every of foregoing enumerated acts and/or omissions, on

the part of Steven Earl and Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

32.    The unliquidated damages of Defendants Guardino are within the jurisdictional limits of this Court.  As a direct and proximate result of the conduct of Steven Earl and Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts, the Guardino have suffered the following damages: pecuniary loss and out of pocket expenses in the past and future; damage to their property interests; unconstitutional dismissal of their claims; lost wages in the past and future; mental anguish and pain and suffering in the past and future; exemplary damages, Constitutional damages; and past attorney fees and potential future attorney fees through trial and appeal.

33.    The Guardinos believe that the jury has the sole right and responsibility to assess damages in an amount it finds is appropriate given the

facts and circumstances of this case, however, in the event of the applicability of Texas Rule of Civil Procedure 47 ©, the Guardino seek monetary relief in an amount over $1,000,000.

## ATTORNEY'S FEES

34.     Defendants seek the recovery of all reasonable attorney fees incurred in defending against the claims and in prosecuting their claims as provided for by 42 U.S.C. § 1988 and under equity.

## EXEMPLARY DAMAGES

35.     Defendants seek the recovery of exemplary damages in an amount sufficient to deter wrongful conduct of this sort as determined by the trier of fact. Because of the current state of the law, Plaintiff does not seek exemplary damages against Montgomery County.

## JURY DEMAND

36.     The Guardinos demand a trial by jury and paid a jury fee in the State court litigation.

## OTHER STATUTORY ALLEGATIONS

37.     Because of the nature of the emergency under which removal is made, Defendants Guardino seek leave to amend their pleadings in this Court.

38.     The amount in controversy exceeds $75,000.

39.     Copies of all process and pleadings filed in Cause No. 19-06-07875; *In Re The Carolyn S. Clark Irrevocable Living Trust U/T/A July 28, 2017*; in the 457th Judicial District Court of Montgomery County, Texas have been provide to this Court.

40.     No further proceedings have been had in the state court action.

41.     Two previous applications have been made for removal, the first under diversity after it was discovered that Steven Earl had hidden from the parties that his client Carolyn S. Clark had moved to Tennessee and the second under Federal RICO claims.  The second removed action was remanded on July 28, 2021.

42.     Promptly after filing this notice of removal, written notice will be given to all parties and a copy of this notice of removal will be filed with the District Clerk of Montgomery County, Texas in compliance with 28 U.S.C. 1446(d).

43.     The following items are attached as Exhibits:

Exhibit 1:     Order remanding the case mailed to the State court on

                    July 28, 2021, received by the clerk of the State court

(Clerk Hayden) on July 29, 2021.

Exhibit 2: A true and correct copy of the recording of the hearing, saved on the attached flashdrive

Exhibit 3: A true and correct copy of the State court's order signed October 25, 2021.

Exhibit 4: A true and correct copy of the State court's amended order signed October 28, 2021.

Exhibit 5: List of all counsel of record, including addresses, telephone numbers, and parties represented.

44.     Jurisdiction over the remaining claims is proper under 28 U.S.C. §1367(a).

## PRAYER

WHEREFORE, Plaintiff prays that the Court remove this action to the United States District Court and take jurisdiction over the claims and causes of action filed in Cause No. 19-06-07875; *In Re The Carolyn S. Clark Irrevocable Living Trust U/T/A July 28, 2017*; in the 457th Judicial District Court of Montgomery County, Texas; also take jurisdiction over Cause No.  19-07-10233, *Carolyn S. Clark v. Kristin Wilkinson, et al.*; In the 457th Judicial District Court of Montgomery

County, Texas and consolidate it into this case; grant the injunctive relief by issuing an injunction against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts and requiring additional training for all District Judges of Montgomery County, Texas as the Court deems appropriate; and on final hearing grant Judgment in favor of Defendants Kristin Guardino and Leonard Guardino and against Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts as appropriate, that they have violated the Guardinos clearly established constitutional rights; that the Court order Vince Santini, Judge of the 457th Judicial District Court of Montgomery County, Texas, the State of Texas, Montgomery County, Texas and the State administrators of the Montgomery County District Courts to pay money damages to the Guardinos in an amount to be proven at trial, including costs, legal fees, and expenses; as well as pre- and post-judgment interest; that the Court award the Guardinos punitive and exemplary damages against the individuals and entities named herein who the Court finds to have violated the Guardinos' constitutional rights;

and that the Court grant such other and additional relief to which the Guardinos

have shown themselves to be justly entitled, both in law and equity.

Respectfully submitted,

Kristin Guardino and
Leonard Guardino
By;  /S/ Kristin Guardino _____
Kristin Guardino, JD, Pro Se
By:  /S/ Leonard Guardino _____
Leonard Guardino, Pro Se
P.O. Box 3601
Conroe, Texas  77305
kristinguardino@use.startmail.com
(713) 561-5616

PRO SE FOR ORIGINAL
DEFENDANTS/COUNTER-
PLAINTIFFS/THIRD-PARTY
PLAINTIFFS NAMED HEREIN

CERTIFICATE UNDER RULE 11 AND CERTIFICATE OF SERVICE

I certify that this pleading is filed in good faith in accord with Rule 11,

FED.R.CIV.P.  I certify that  in accord with Rule 5, FED.R.CIV.P., a true and correct

copy of the foregoing document has been served by electronic mail transmission

to the following: Steven C. Earl by serving him via e-mail at:

Steven@woodlandslawfirm.com; by serving Jeanne L. Couture via her e-mail at:

jeannie@magnancouturelaw.com; by serving Eugene Tausk via his e-mail at:

gene@tausklawfirm.com; by serving Geoffrey Sansom, attorney for Temporary

Interim Co-Trustees Nicole B. Davis, Courtney M. Lyssy, and Davis & Lyssy,

PLLC via his e-mail at: gsansom@thematthewslawfirm.com; and via United

States Mail, postage prepaid to all additional interested parties, including the

following persons on the 4[h] day of November, 2021: Diane M. Clark, 2113 North

Thompson Street, Conroe TX 77301; Jillian Renee Deutmeyer, 209 East Butler

Street, Manchester IA 52057; Lisa Siegle, 7678 Cross Village, Germantown, TN

38138; Samantha Maye Simone's De Arias, Urb Ciudad Jardin 1 Prima 1A

Pachocha Ilo Moquegua Peru 18601; and

Chandra Lea Sims, C/O Timothy Jacob Sims 1707 East 29th Street, De Moines, IA

53017.

By;   /S/ Kristin Guardino

Kristin Guardino, November 4, 2021
