EXHIBIT 1

19-06-07875

RECEIVED AND FILED
FOR RECORD
At 11:15 O'Clock A.M.

SEP 15 2021

Melisa Miller, District Clerk
Montgomery County, Texas
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES FLITSCH and CAROLYN S. CLARK, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. H-21-1501 |
| KRISTIN D. WILKINSON GUARDINO et al., | § § § § | |
| Defendants. | § | |

ORDER

Pending before the Court are Plaintiffs James Flitsch and Carolyn Clark's Combined Motion for Remand and Memorandum of Law in Support (Joined by Kevin Clark) (Document No. 11) and Plaintiffs James Flitsch's and Carolyn S. Clark's Objection to Defendants' Rejoinder and Motion to Strike (Document No. 15). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

I. BACKGROUND

This case involves a dispute over a trust. Plaintiff Carolyn S. Clark ("Clark") is the creator and beneficiary of the Carolyn S. Clark Irrevocable Living Trust (the "Trust"). Plaintiff James Flitsch ("Flitsch") is an initial co-trustee of the Trust and is also a beneficiary. Defendant Kristin D. Wilkinson Guardino ("Wilkinson") helped

Minute
Date: 09/15/2021

Clark set up the Trust. Defendant Kevin Clark ("Clark") was an initial co-trustee and beneficiary of the Trust who later resigned as co-trustee. Wilkinson and Defendant Leonard Guardino (collectively, the "Guardinos") allege they replaced Flitsch and Clark as co-trustees to the Trust. Plaintiffs allege the Guardinos attempted to become trustees to the Trust to improperly remove funds and that Clark was misled by Wilkinson when executing the Trust. Plaintiffs further allege the Guardinos are not and have never been co-trustees.

Based on the foregoing, on September 16, 2020, Plaintiffs filed this lawsuit against the Guardinos and Clark (collectively, "Defendants") in the 457th Judicial District Court of Montgomery County, Texas. Plaintiffs assert claims for: (1) declaratory relief regarding the trusteeship; (2) modification, reformation, and termination of the Trust; (3) theft under the Texas Theft Liability Act; (4) money had and received; and (5) unjust enrichment. On May 5, 2021, the Guardinos removed the case to this Court, asserting multiple bases for jurisdiction. On June 4, 2021, Plaintiffs moved to remand. On July 2, 2021, Plaintiffs moved to strike the Guardinos' surreply to the motion to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Any doubts regarding whether federal jurisdiction is proper are resolved against federal

jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party bears the burden of establishing that a state court suit is removable to federal court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. LAW & ANALYSIS

Plaintiffs move to remand this case to state court and to strike the Guardinos' surreply. The Court first considers the motion to strike before turning to the motion to remand.

*A.     Motion to Strike*

Plaintiffs move to strike the Guardinos' surreply, contending neither federal nor local rules provide for a surreply. Surreplies are highly disfavored because "[n]either the Federal Rules of Civil Procedure nor the Local Rules give parties the right to file a surreply." *BHL Boresight, Inc. v. Goe-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 3634215, at *2 (S.D. Tex. Aug. 24, 2017) (Harmon, J.). Surreplies are also disfavored for being "a strategic effort . . . to have the last word

on a matter." *Id.* (quoting *Weaver v. Celebration Station Props., Inc.*, No. H-14-2233, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015) (Rosenthal, J.)). A party must therefore file a motion for leave before filing a surreply. *Woolard v. Fluor Enters., Inc.*, No. 4:10-CV-3623, 2013 WL 596581, at *4 (S.D. Tex. Feb. 15, 2013) (Ellison, J.). "Leave to file a surreply is not appropriate 'where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response.' " *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. CV H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (Rosenthal, J.) (quoting *Makhlouf v. Tailored Brands, Inc.*, No. CV H-16-0838, 2017 WL 10922311, at *5 (S.D. Tex. Mar. 23, 2017) (Harmon, J.)).

The Guardinos did not seek leave to file a surreply. Further, the Guardinos do not point to any new legal arguments or theories raised in Plaintiffs' reply. The Court therefore finds the Guardinos' surreply is not appropriate. Accordingly, the motion to strike is granted. The Court will not consider the Guardino's surreply in the remainder of this Order.[1] The Court next addresses the motion to remand.

---

[1] The Guardinos contend they did not receive proper notice of the motion to strike and the motion does not include a certificate of conference as required by Local Rule 7.1(D). Because the Guardinos' surreply is improperly before this Court due to the failure to move for leave, the Court need not address these contentions.

*B.    Motion to Remand*

Plaintiffs contend, *inter alia*, remand is necessary as not all Defendants have consented to removal. Specifically, Plaintiffs assert Clark does not consent to removal and has joined Plaintiffs in their motion to remand.[2] The Guardinos contend Clark is a nominal defendant, rendering his consent unnecessary.[3]

All defendants must join in a petition for removal. 28 U.S.C. § 1446(a); *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (citing *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir. 1970)). If a defendant does not consent to removal, removal is defective, making remand appropriate. *See id.* The removing defendants have the burden of showing all defendants have consented to removal or that a defendant's consent is not required. *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (Lynn, J.). An exception to the general requirement of unanimity of consent is if the non-

---

[2] *Plaintiffs James Flitsch and Carolyn Clark's Combined Motion for Remand and Memorandum of Law in Support (Joined by Kevin Clark)*, Document No. 11 at 14–15.

[3] The Court notes, on October 20, 2020, the Guardinos previously removed this case to this Court. In that removal, the Guardinos failed to show Clark's consent was unnecessary, and the case was remanded. *Plaintiffs James Flitsch and Carolyn Clark's Combined Motion for Remand and Memorandum of Law in Support (Joined by Kevin Clark)*, Document No. 11, Exhibit E at 1 (*Order*). The Guardinos assertion that Clark is a nominal defendant is a new argument, however, and can be addressed in this subsequent removal. *See Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*, No. 3:18-CV-1099-D, 2018 WL 4215118, at *3 (N.D. Tex. Sept. 5, 2018) (Fitzwater, J.) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)).

consenting defendant is a nominal party. *In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (citing *Farias v. Bexar Cty. Bd. Of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 971 (5th Cir. 1991)). "To establish that non-removing parties are nominal parties, the removing party must show . . . there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id.* (quoting *Farias*, 925 F.2d at 971).

Plaintiffs assert claims against Clark in his individual capacity for, *inter alia*, theft under the Texas Theft Liability Act ("TTLA"). For all TTLA claims, the plaintiff must establish: (1) the plaintiff had a possessory right to property; (2) the defendant unlawfully appropriated property; and (3) the plaintiff sustained damages as a result of the theft. *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 542 (S.D. Tex. 2011) (Ellison, J.) (citing Tex. Civ. Prac. & Rem. Code §§ 134.002(2), 134.003, 134.005(a); Tex. Penal Code §§ 31.03(a)). Plaintiffs allege: (1) Flitsch was a beneficiary of the Trust; (2) Clark resigned as co-trustee from the Trust; (2) on March 29, 2019, Clark withdrew money from the Trust without legal authority; and (4) Flitsch is not likely to recover those funds.[4] The Guardinos do not

---

[4] *Plaintiffs James Flitsch and Carolyn Clark's Combined Motion for Remand and Memorandum of Law in Support (Joined by Kevin Clark)*, Document No. 11, Exhibit G, ¶¶ 56-63 (*Third Amended Original Petition Seeking Constructive Trust and Declaratory Judgment and Request for Temporary Restraining Order and Temporary Injunction and Petition for Judicial Modification, Reformation or Termination of Trust*).

Minute
Date:_____

contend Plaintiffs cannot establish this cause of action. Rather, the Guardinos allege (1) Clark is no longer a co-trustee, and (2) real estate designated for Clark has been sold. Neither of these allegations address the claims against Clark as an individual.

Considering Plaintiffs' allegations as to the TTLA, the Court finds the Guardinos fail to show Plaintiffs cannot establish a cause of action against Clark in state court. The Court therefore finds the Guardinos fail to establish Clark is a nominal defendant. Thus, Clark's consent for removal is necessary. Because Clark does not consent to removal, the Court finds remand is necessary. Accordingly, the motion to remand is granted.[5]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiffs James Flitsch and Carolyn S. Clark's Objection to Defendants' Rejoinder and Motion to Strike (Document No. 15) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs James Flitsch and Carolyn Clark's Combined Motion for Remand (Document No. 11) is **GRANTED**. This case is therefore **REMANDED** to the 457th Judicial District Court of Montgomery County, Texas.

---

[5] Plaintiffs also contend: (1) the last removal attempt by the Guardinos precludes repeated jurisdictional claims; (2) the Guardinos cannot establish jurisdiction based on their counterclaim; (3) supplemental jurisdiction claims fail; and (4) the defects cannot be cured. In light of the Court's holding, the Court need not address these contentions.



SIGNED at Houston, Texas, on this 27 day of July, 2021.

DAVID HITTNER
United States District Judge

TRUE COPY I CERTIFY ATTEST:
NATHAN OCHSNER, Clerk of Court
By ______
Deputy Clerk

Minute 8
Date:

ORIGIN ID:GLSA (409) 766-3535
LORRAINE TREVINO
U. S. DISTRICT COURT
601 ROSENBERG
SUITE 411
GALVESTON, TX 77550
UNITED STATES US

SHIP DATE: 28JUL21
ACTWGT: 1.00 LB
CAD: 1009434/INET4400

BILL SENDER

TO
457 DISTRICT CT MONTGOMERY CO, TEXA
301 NORTH MAIN
SUITE 200
CONROE TX 77301
(936) 538-3697

FedEx Express

TRK# 7743 8018 4414
THU - 29 JUL 4:30P
STANDARD OVERNIGHT

43 CXOA
77301
TX-US IAH

*See Ex. G ... on flash drive.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| *IN RE* THE CAROLYN S. CLARK IRREVOCABLE LIVING TRUST U/T/A JULY 28, 2017; No. 19-06-07875 IN THE DISTRICT COURT 457TH JUDICIAL DISTRICT, MONTGOMERY COUNTY, TEXAS | § § § § § § | CASE NO. _____ JURY TRIAL DEMANDED |

## INDEX OF ATTACHED DOCUMENTS BEING FILED TOGETHER WITH THE NOTICE OF REMOVAL, INCLUDING ALL PROCESS, PLEADINGS, AND ORDERS SERVED UPON THE DEFENDANTS AND ON FILE IN THE STATE COURT CASE, PURSUANT TO 28 U.S.C. § 1446(a)

1. The following items are attached pursuant to 28 U.S.C. §1446(a) and filed together with the Notice of Removal:

| Index No. | Date | Description |
|---|---|---|
| 1 | 06/07/2019 | Temporary Restraining Order |
| 2 | 06/10/2019 | First Amended Temporary Restraining Order |
| 3 | 06/18/2019 | Executed Citation to Kevin Clark |
| 4 | 06/18/2019 | Executed Temporary Restraining Order to Kevin Clark |
| 5 | 06/18/2019 | Executed Citation to Diane Clark |
| 6 | 06/18/2019 | Executed Temporary Restraining Order to Diane Clark |
| 7 | 06/20/2019 | Executed Citation to Kristin Wilkinson (Guardino) |
| 8 | 06/20/2019 | Executed Temporary Restraining Order to Kristin Wilkinson Guardino |
| 9 | 06/20/2019 | Kevin J Clark's Original Answer |
| 10 | 06/21/2019 | Signed Agreed Extension of the First Amended Temporary Restraining Order |
| 11 | 07/11/2019 | Executed Temporary Restraining Order to Lisa Seigel |
| 12 | 07/15/2019 | Kristin Wilkinson Guardino's and Leonard Guardino's Original Answer |

| Index No. | Date | Description |
|---|---|---|
| 13 | 07/16/2019 | Kristin Wilkinson Guardino's and Leonard Guardino's Original Answer, Affirmative Defenses |
| 14 | 07/16/2019 | Kristin Wilkinson Guardino's and Leonard Guardino's Motion to Remove James Flitsch as Trustee |
| 15 | 07/17/2019 | Kristin Wilkinson Guardino's and Leonard Guardino's Brief Opposing Plaintiff's Request for Temporary Injunction |
| 16 | 07/29/2019 | Signed Order Granting Mutual Temporary Injunction |
| 17 | 07/29/2019 | Partial Order of Dismissal of Request for Constructive Trust |
| 18 | 07/30/2019 | Plaintiffs' Second Amended Original Petition Seeking Constructive Trust and Declaratory Judgment and Request for Temporary Restraining Order and Temporary Injunction |
| 19 | 10/08/2019 | Signed First Amended Order Granting Mutual Temporary Injunction |
| 20 | 11/01/2019 | Second Amended Order Granting Mutual Temporary Injunction |
| 21 | 12/23/2019 | Intervention and Petition for Declaratory Judgment of Nicole B. Davis and Courtney M. Lyssy as Co-Trustees of the Carolyn Clark Irrevocable Living Trust U/T/A July 28, 2017 |
| 22 | 12/31/2019 | Certified Mail Citation to Carolyn Clark |
| 23 | 12/31/2019 | Certified Mail Citation to Diane Clark |
| 24 | 12/31/2019 | Certified Mail Citation to Kevin Clark |
| 25 | 12/31/2019 | Certified Mail Citation to Jillian Renee Deutmeyer |
| 26 | 12/31/2019 | Certified Mail Citation to Lisa Siegle |
| 27 | 12/31/2019 | Priority Mail International to Samantha Maye Simone's De Arias |
| 28 | 12/31/2019 | Certified Mail Citation to Chandra Lea Sims |
| 29 | 01/06/2020 | Executed-Clark, Diane M - Certified Mail Citation |
| 30 | 01/07/2020 | Returned CMRRR Chandra Leah Sims |
| 31 | 01/09/2020 | Returned CMRRR Seigel, Lisa R - Certified Mail Citation |
| 31a | 01/15/2020 | Returned CMRRR Jillian Renee Deutmeyer |
| 32 | 01/07/2020 | Kristin Wilkinson Guardino's and Leonard Guardino's First Supplement to Original Answer |

| Index No. | Date | Description |
|---|---|---|
| 33 | 01/13/2020 | Kevin J. Clark's First Supplemental to Original Answer |
| 33a | 01/22/2020 | Release of Exhibits to Court Reporter Martha Koomar, CCL |
| 34 | 02/13/2020 | Interim Trustees' Application for Reimbursement of Funds |
| 35 | 02/27/2020 | Defendant Carolyn Clark's Original Answer to the Intervention and Petition for Declaratory Judgment |
| 36 | 02/27/2020 | Plaintiff James Flitsch's Original Answer to the Intervention and Petition for Declaratory Judgment |
| 37 | 04/09/2020 | Plaintiffs' Motion to Strike Defendants' Kristin Guardino and Leonard Guardino Answers |
| 38 | 04/24/2020 | Signed Order Approving Reimbursement of Funds |
| 39 | 04/24/2020 | Intra-County Court Transfer Order - Order Accepting Request for Transfer (from CCL #2 to 410th) |
| 40 | 04/24/2020 | Traditional Motion for Partial Summary Judgment (Construction of Trust) |
| 41 | 04/27/2020 | Defendants' Response and Objections to Plaintiffs' Motion to Strike Defendants' Pleadings and Proposed Order Denying Plaintiffs' Motion to Strike Defendants' Kristin Wilkinson and Len Guardino |
| 42 | 05/07/2020 | Reply in Support of Plaintiffs' Motion to Strike Defendants' Kristin Wilkinson's and Leonard Guardino's Answers |
| 43 | 05/08/2020 | Defendant's Motion to Continue |
| 44 | 05/11/2020 | Defendants'/Counter-Plaintiffs' Response to Motion for Traditional Partial Summary Judgment and Proposed Judgment |
| 45 | 05/13/2020 | Signed Order on Plaintiffs' Motion to Strike |
| 46 | 05/14/2020 | Response to the Motion to Continue the Partial Summary Judgment Submission Date |

| Index No. | Date | Description |
|---|---|---|
| 47 | 05/14/2020 | Notice of Submission of Replacement Page Twenty to Defendants/Counter Plaintiffs' Kristin Wilkinson Notice of Submission |
| 48 | 05/18/2020 | Reply in Support of Plaintiffs' Motion for Partial Summary Judgment (Construction of Trust) |
| 49 | 05/21/2020 | Defendants/Counter Plaintiffs' Rejoinder to Plaintiffs/Counter Defendants Reply to Defendants |
| 50 | 05/27/2020 | Second Reply in Support of Plaintiffs' Motion for Partial Summary Judgment (Construction of Trust) |
| 51 | | (Number not used) |
| 52 | 06/01/2020 | Defendants' Motion to Strike Plaintiffs James Flitsch Second Reply in Support of Plaintiffs Motion for Partial Summary Judgment (Construction of Trust) and Second Objection to the Motion for Removal |
| 53 | 06/04/2020 | Kevin Clark's Wavier of Notice and Citation of Intervention of Interim Trustees |
| 54 | | (Number not used) |
| 55 | 07/08/2020 | Signed Order Approving Application for Authority to Pay Interim Fees of Interim Co-Trustees |
| 56 | 07/14/2020 | Signed Order For Additional Briefing |
| 57 | 07/27/2020 | Defendants' Response to and Motion for Clarification of the Court's Orders of May 13, 2020, and July 14, 2020 |
| 58 | 07/27/2020 | Plaintiff's Brief Regarding the Impact of the Order Striking Pleadings |
| 59 | 07/31/2020 | Plaintiffs' Response and Motion to Strike Wilkinson's and Guardino's Brief Regarding the Impact of the Order Striking Pleadings |
| 60 | 08/04/2020 | Intra-County Court Transfer Order - administrative order |

| Index No. | Date | Description |
|---|---|---|
| 61 | 08/04/2020 | Defendants/Reply to Plaintiff's/Response to Defendants/Responsive Brief and Motion for Clarification of the Court's Orders of May 13, 2020, and July 14, 2020 |
| 62 | 08/04/2020 | Plaintiff's Reply to Wilkinson-Guardino's And Guardino's Reply to Plaintiff's Response |
| 63 | 08/21/2020 | ORDER on Traditional Motion for Partial S.J. |
| 64 | 09/10/2020 | 457th - Docket Control Order |
| 65 | 09/17/2020 | Interim Co-Trustees' Notice of Change of Firm |
| 66 | 09/28/2020 | James Flitsch's and Carolyn Clark's Motion for Disbursement from Trust |
| 67 | 09/28/2020 | Plaintiffs' Third Amended Original Petition Seeking Constructive Trust and Declaratory Judgment and Request for Temporary Restraining Order and Temporary Injunction *and Petition for Judicial Modification, Reformation or Termination of Trust* |
| 68 | 09/28/2020 | Standard Citation - Lisa R. Seigel |
| 69 | 10/06/2020 | Executed Citation- Diane M Clark |
| 70 | 10/20/2020 | Return of Service - Executed Citation to Lisa Seigel |
| 71 | 10/20/2020 | Notice of Removal    157 |
| 72 | 01/19/2021 | Bench Trial 457th - Docket Control Order |
| 73 | 03/03/2021 | Remanded to Trial Court (OCA) United States District Court Southern District of Texas Houston Division Signed Order; Fed Ex Envelope Remanded Order |
| 74 | 03/09/2021 | Amended Notice of Hearing on Plaintiffs' Motion for Disbursement from Trust |
| 75 | 03/11/2021 | Second Amended Notice of Hearing on Plaintiffs' Motion for Disbursement from Trust |

| Index No. | Date | Description |
|---|---|---|
| 76 | 03/24/2021 | Defendant's Kristin Wilkinson Guardino and Leonard Guardino Second Supplement |
| 77 | 03/24/2021 | Request For Service<br>f/c citation to Stilwell, Earl & Apostolakis, LLP<br>f/c citation to James Graham<br>f/c citation to Steven C. Earl<br>f/c citation to Carolyn S Clark Irrevocable Living Trust<br>f/c citation to Carolyn S Clark<br>f/c of citation to James Flitsch<br>Return of Service - Executed to James Flitsch<br>Return of Service - Executed to Carolyn S. Clark<br>Return of Service - Executed to The Carolyn S. Clark Irrevocable Living Trust<br>Return of Service - Executed to Steven C. Earl<br>Return of Service - Executed to James E. Graham<br>Return of Service - Executed to Stilwell, Earl, & Apostolakis, LLP |
| 78 | 04/07/2021 | 457th Hearing Notice Form Hearing notice email confirmation |
| 79 | 04/08/2021 | 457th Hearing Notice Form Hearing notice email confirmation (4/16/21) |
| 80 | 04/08/2021 | 457th Hearing Notice Form Hearing notice email confirmation (4/16/21) |
| 81 | 04/15/2021 | Plaintiffs' Motion to Dismiss the Newly Pled CounterClaims with Prejudice |
| 82 | 04/15/2021 | Notice of Hearing on Plaintiffs' Motion to Dismiss |
| 83 | 04/16/2021 | Signed Order Granting Plaintiffs' Motion for Disbursement from Trust |
| 84 | | Notice Letter to Diane Clark |
| 85 | | Notice Letter to Lisa Seigel |
| 86 | | Notice Letter to Jillian Deutmeyer |
| 87 | 04/16/2021 | 457th Hearing Notice Form |
| 88 | 04/16/2021 | Certified Copy of Remand Order |

| Index No. | Date | Description |
| --- | --- | --- |
| 89 | 04/16/2021 | Plea to Jurisdiction |
| 90 | 04/16/2021 | Plaintiff's Lawyers' Motion to Dismiss the Newly Pled Counterclaims with Prejudice Under |
| 91 | 04/16/2021 | Notice of Hearing on Plaintiffs' Motion to Dismiss |
| 92 | 04/26/2021 | Return of Service - Executed to James Flitsch |
| 93 | 04/26/2021 | Return of Service - Executed to Carolyn S. Clark |
| 94 | 04/26/2021 | Return of Service - Executed to The Carolyn S. Clark Irrevocable Living Trust |
| 95 | 04/26/2021 | Return of Service - Executed to Steven C. Earl |
| 96 | 04/26/2021 | Return of Service - Executed to James E. Graham |
| 97 | 04/26/2021 | Return of Service - Executed to Stilwell, Earl, & Apostolakis, LLP |
| 98 | 04/26/2021 | Copy of Executed Citation - Stilwell, Earl, and Apostolakis LLP |
| 99 | 04/26/2021 | Copy of Executed Citation - The Carolyn S. Clark Irrevocable Living Trust |
| 100 | 04/26/2021 | Copy of Montgomery County Precinct 3 Service Receipt |
| 101 | 04/26/2021 | Copy of Harris County Service Receipt |
| 102 | 04/27/2021 | Application for Authority to Pay Appointee Fees and Expenses |
| 103 | 04/27/2021 | Proposed Order Authorizing Payment of Appointee Fees and Expenses |
| 104 | 05/03/2021 | Notice Regarding Untimely Response |
| 105 | 05/05/2021 | Notice of Hearing |
| 106 | 05/05/02021 | Defendants' Guardino Third Supplement to Their Original Answer and Counterclaims |

| | | |
|---|---|---|
| 107 | 05/05/2021 | Notice of Removal to Federal Court |
| 108 | 06/04/2021 | Notice of Hearing |
| 109 | 07/27/2021 | Signed Order Remanding Case |
| 110 | 08/06/2021 | Copy of Remand Order filed by Plaintiffs' Counsel |
| 111 | 09/15/2021 | Plaintiffs' Counsel Motion to Dismiss Guardinos' Third Supplement to Their Original Answer and Counterclaims |
| 112 | 09/17/2021 | Notice of Appearance |
| 113 | 09/17/2021 | Notice of Hearing on Plaintiffs' Motion to Dismiss |
| 114 | 10/15/2021 | Defendants' Guardino Response to Plaintiffs' Motion to Dismiss |
| 115 | 10/15/2021 | Defendants' Guardino proposed Order denying Motion to Dismiss |
| 116 | 10/20/2021 | Plaintiff's Reply to Defendants' Guardino Response to Plaintiffs' Motion to Dismiss |
| 117 | 10/22/2021 | Plaintiffs' proposed Order |
| 118 | 10/25/2021 | Signed Order Granting Plaintiffs Lawyers' Motion to Dismiss Defendants' Guardino Counterclaims with Prejudice |
| 119 | 10/25/2021 | Notice of Hearing |
| 120 | 10/28/2021 | Notice of Hearing |
| 121 | 10/28/2021 | First Amended Order Granting Plaintiffs' Lawyers' Motion to Dismiss Defendants' Guardino Counterclaims with Prejudice |
| 122 | 11/02/2021 | Order Denying Defendants' Guardino Request to Attend Hearing Via Videoconference |
| 123 | 11/05/2021 | Notice of Hearing |